IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GHASSAN ABULEHIEH, | § § § | |
| *Plaintiff,* | § § | SA-23-CV-00572-FB |
| vs. | § § § | |
| STATE FARM LLOYDS, | § § § | |
| *Defendant.* | § § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant State Farm Lloyds' Motion for Summary Judgment [#13]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's motion be granted as to Plaintiff's request for exemplary damages but in all other respects denied.

## I.  Background

Plaintiff Ghassan Abulehieh filed this suit against State Farm Lloyds ("State Farm") after State Farm denied his insurance claim for damage allegedly caused by a plumbing leak in his home. According to the Petition, a water leak from the master bathroom toilet resulted in water damage and mold growth in the master bathroom, master bedroom, and walk-in closet adjacent to the bathroom. (Orig. Pet. [#1-2], at 9.) Plaintiff reported the damage to State Farm, and State Farm denied the claim. (*Id.*) Plaintiff's Original Petition, which remains his live pleading,

1

alleges claims of breach of contract, violations of Section 542 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and fraud.  (*Id.* at 7–22.)  State Farm removed the Petition to federal court based on diversity jurisdiction, and after discovery, filed the motion for summary judgment currently before the Court, arguing it is entitled to summary judgment on all of Plaintiff's claims.  Plaintiff has filed a response to the motion [#14], to which State Farm filed a reply [#15].  The motion is ripe for the Court's review.

## II.  Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c).  A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp.*, 477 U.S. at 323.  Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995).  The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial.  *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000).  The parties may satisfy their respective burdens by tendering

depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174.

### III.  Summary Judgment Record

The summary judgment record establishes the following facts, which are undisputed. State Farm issued Policy Number 83-GK-M162-7 ("the Policy") insuring Plaintiff's dwelling located at 25610 Water Street, San Antonio, Texas, 78255-3554 ("the Property"), for the policy period beginning January 4, 2022, through January 4, 2023. (Policy Declarations [#13-1], at 51.) On December 12, 2022, Plaintiff contacted State Farm to report a leak, suspected to be sewage water from the master bathroom toilet, which had allegedly caused damage to the closet and bathroom. (Pl. Decl. [#14-1], at ¶ 2; Claim Records [#13-1], at 6.) That same day, a plumber from Fidelis Plumbing identified the source of the leak as a broken toilet flange and invoiced Plaintiff $400 for immediate repairs. (Plumbing Invoice [#13-1], at 122.) A State Farm representative, Michael Hutchison, contacted Plaintiff the following day regarding the claim, noting the broken toilet flange. (Claim Records [#13-1], at 6.) Kyler Giles with Restoration 1, a water and mold mitigation company, inspected the Property later that day and prepared a report on the damage. (Pl. Decl. [#14-1], at ¶ 4; Restoration 1 Report [#13-1], at 143–50.) The report indicated that a plumber had confirmed that the source of damage was loss of water from a loose toilet, which caused damage to the shower, toilet room, and master closet. (Restoration 1 Report [#13-1], at 143–50.) The Restoration 1 mitigation estimate proposed a total of $7,263.00 for water mitigation and remediation. (Water Mitigation Estimate [#13-1], at 140–41.) Plaintiff

obtained a further estimate for more comprehensive repairs from Clear Choice on December 27, 2023, which estimated ten to twelve weeks of work to make all necessary repairs for a total of $34,158.00.  (Clear Choice Estimate [#13-1], at 117–20.)

State Farm requested photos and supporting documentation of the reported damage, including the plumber's report, a copy of the mitigation invoice, and a copy of the proposed estimate.  (State Farm Dec. 13, 2022 Ltr. [#13-1], at 108.)  State Farm requested further information on December 28, 2022.  (State Farm Dec. 28, 2022 Ltr. [#13-1], at 113.)  Plaintiff provided State Farm with the repair estimates on December 29, 2022.  (Correspondence [#13-1], at 116.)  On December 30, 2022, State Farm (through Mr. Hutchison and the assigned claims handler, Cathy Browne) reviewed photos provided by the plumber and the water mitigation company and determined the damage was not covered under the Policy due to a Policy exclusion pertaining to ongoing leaks.  (Claim Records [#13-1], at 23; Browne Decl. [#13-1], at ¶ 7.)

Section I of the Policy expressly covers "accidental direct physical loss to the property," including "(12) [a]brupt and accidental discharge or overflow of water, steam, or sewage from within a plumbing . . . system."  (Policy [#13-1], at 79–81.)  The Policy defines "accidental" to mean "by chance, unexpectedly, and/or unintended from [the insured's] standpoint."  (*Id.* at 79.)  However, this coverage "does not include loss . . . (c) that occurs or develops over a period of time and is caused by or resulting from . . . (2) seepage or leakage of water, steam, or sewage that is: (a) continuous, (b) repeating, (c) gradual, (d) intermittent, (e) slow, or (f) trickling."  (Policy [#13-1], at 80–81.)  This Policy exclusion is reiterated in Section 1(f) of the Section of the Policy entitled "Losses Not Insured."  (*Id.* at 82.)

Claim notes from December 30, 2022, reflect that State Farm found that the photos provided by the plumber show "CRSL" (continuous repeated seepage leakage) "around the outer

perimeter of the wall with rot in the toe molding" and that "the sealant around the toilet show [sic] discoloration of the caulking showing CRSL as well." (Claim Records [#13-1], at 23; Browne Decl. [#13-1], at ¶ 7.) Claim notes indicate that State Farm determined that an inspection of Plaintiff's home was not necessary, and Mr. Hutchison prepared a denial letter based on the Policy exclusion. (Claim Records [#13-1], at 23; Browne Decl. [#13-1], at ¶ 7.) The next day, Shelby Ables, a State Farm Team Manager, reviewed photos from Restoration 1, the water remediation company, and made the following note in the claim file: "Reviewed photos from Restoration 1 showing rust on the bolt which fastens the toilet in place because of a CRSL from the wax ring with deterioration on the surrounding baseboards in the toilet room." (Claim Records [#13-1], at 23; Browne Decl. [#13-1], at ¶ 8.) Ms. Ables approved a denial letter for Mr. Hutchinson's signature, and State Farm sent the denial letter to Plaintiff. (Claim Records [#13-1], at 23; Denial Ltr. [#13-1], at 152–55.) The denial letter stated that Plaintiff's damages were "a result of continuous repeated leakage and seepage in and around [his] toilet flange and spreading out to the surrounding baseboards." (Denial Ltr. [#13-1], at 152.)

Plaintiff filed a demand letter contesting the denial of his claim. (Demand Ltr. [#13-1], at 157–60.) State Farm reviewed the letter and accompanying plumber's reports and photos and reaffirmed its denial of coverage. (State Farm Feb. 14, 2023 Ltr. [#13-1], at 164.) Claim notes from February 2023 by Courtney McBride (State Farm Team Manager) and Katie Lee (State Farm Claims Owner) indicate that State Farm performed further review of the claim and photographs and noted that the plumber's report shows rot to the baseboards and base shoe due to a broken flange. (Claim Notes [#13-1], at 22; Browne Decl. [#13-1, at ¶ 10.) Ms. Lee and Ms. McBride further noted that "with a broken flange the water leaks every time the toilet is flushed." (Claim Notes [#13-1], at 22.) Additionally, Ms. McBride noted that "mold was

5

present and growing beneath the carpet in the closet." (*Id.*) Based on all of these factors, State Farm concluded the leak was due to CRSL, not a sudden and accidental leak, and was therefore outside the scope of coverage. (*Id.*)

Plaintiff filed suit and designated G.C. "Butch" Woods of Trinity Contracting Systems as a retained expert. (Woods Decl. [#14-2], at 1.) After he was retained, Mr. Woods inspected the Property in order to prepare an estimate of repairs. (*Id.*) Upon inspection, Mr. Woods determined that a toilet leaked sewage water into Plaintiff's home and affected several different areas requiring mitigation and repair work. (*Id.*) Mr. Woods opines that the loss was an accidental, direct, and physical loss that should have been covered under the Policy. (*Id.*) He prepared an estimate on September 12, 2023, estimating $31,946.55 for repairs. (Trinity Estimate [#13-2], at 56–59.)

State Farm designated Robert Hinojosa of Rhinotek Building Consultants as a retained expert to testify on the condition of the Property and to rebut the opinions of Plaintiff's experts.[1] (State Farm Expert Designation [#13-2], at 4–5.) Mr. Hinojosa inspected the Property on October 18, 2023, and determined that the conditions observed in the Property did not coincide with the scope of damage addressed by the various estimates from Plaintiff's subcontractors.

---

[1] Plaintiff objects to two exhibits contained in State Farm's summary judgment evidence: Exhibits B-1A and Exhibit B-2B. Plaintiff asserts that these exhibits are hearsay and argues (in a conclusory fashion) that they are therefore inadmissible under the Federal Rules of Evidence. Exhibit B-1A is an excerpt from State Farm's expert witness designations, which designates Mr. Hinojosa as an expert. Exhibit B-2B is Plaintiff's expert designations and contains the expert report and C.V. of Plaintiff's attorney, who Plaintiff designated as a non-retained expert to testify on the reasonableness and necessity of attorney's fees. The exhibit also contains the estimates from Trinity Contracting Systems, Restoration 1, and the plumbing invoice from Fidelis Plumbing with accompanying photographs. Expert reports are, of course, hearsay and cannot be admitted at trial. But the question at the summary-judgment stage is not whether evidence is admissible at trial, but whether it is reducible to admissible evidence at trial. See Fed. R. Civ. P. 56(c)(2). Plaintiff has not demonstrated that the evidence proffered by State Farm is not reducible to a form that would be admissible evidence at trial. The hearsay objections are therefore overruled without prejudice to raising them at trial.

(Hinojosa Expert Report [#13-2], at 9–24.)  Mr. Hinojosa concluded that repairs had been performed, all issues related to the leak had been resolved, and no further repairs were necessary. (*Id.* at 14.)

### IV. Analysis

State Farm seeks summary judgment on all of Plaintiff's claims.  First, State Farm argues Plaintiff cannot prevail on his breach of contract claim because State Farm's summary judgment evidence establishes that the damage to the Property was excluded from coverage under the exclusion related to continuous leakage or seepage of water.  If Plaintiff's breach of contract claim fails, then State Farm argues it is also entitled to summary judgment on Plaintiff's claim that State Farm violated the Texas Insurance Code by failing to promptly pay Plaintiff's claim. As for the other extra-contractual claims, State Farm argues it is entitled to summary judgment because there is no evidence that it was unreasonable in its handling of the claim and that recovery is precluded where there is a bona fide dispute as to coverage.  Alternatively, State Farm moves for judgment on Plaintiff's request for treble and exemplary damages and fraud, arguing there is no evidence that it acted knowingly, intentionally, maliciously, or recklessly in denying the claim.  The undersigned addresses each of these arguments in turn.

**A.      State Farm is not entitled to summary judgment on Plaintiff's claim for breach of contract based on a Policy exclusion.**

Plaintiff's Original Petition asserts a cause of action for breach of contract, which alleges that State Farm breached the Policy by refusing to pay for covered damage under the Policy. Texas law governs Plaintiff's breach of contract claim because this case arises under the Court's diversity jurisdiction.  *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (per curiam).  Under Texas law, insurance policies are contracts that establish the respective rights and obligations to which an insurer and its insured have mutually agreed.  *USAA Tex. Lloyds Co.*

7

*v. Menchaca*, 545 S.W.3d 479, 488 (Tex. 2018).  Texas courts construe insurance policies using the same rules that govern the construction of any contract.  *Id.*

The primary concern of a court in construing a written contract is to ascertain the true intent of the parties as expressed in the instrument and to ensure contract terms are construed according to "the ordinary, everyday meaning of the words to the general public."  *Exxon Mobil Corp. v. Ins. Co. of State*, 568 S.W.3d 650, 657 (Tex. 2019) (quoting *Progressive Cnty. Mut. Ins. Co. v. Sink*, 107 S.W.3d 547, 551 (Tex. 2003)).  The most important consideration in interpreting the meaning of a contract is "the agreement's plain, grammatical language."  *Endeavor Energy Res., L.P. v. Energen Res. Corp.*, 615 S.W.3d 144, 148 (Tex. 2020).  To that end, the terms used in the policy are given their plain, ordinary meaning unless the policy itself shows that the parties intended the terms to have a different, technical meaning.  *Exxon Mobil Corp.*, 568 S.W.3d at 657.  Context is important, and this Court must examine the entire writing and endeavor to harmonize and give effect to all the provisions so that none are rendered meaningless.  *Id.*  If an insurance policy is ambiguous, a court must resolve the uncertainty by adopting the construction that most favors the insured.  *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991).

An insured bears the initial burden of establishing coverage under the terms of the policy.  *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010).  If the insured proves coverage, then to avoid liability the insurer must prove the loss is within an exclusion.  *Id.*  If the insurer proves that an exclusion applies, the burden shifts back to the insured to show that an exception to the exclusion brings the claim back within coverage.  *Id.*  Policy exclusions are strictly construed against the insurer under Texas law.  *Nautilus Ins. Co. v. Zamora*, 114 F.3d 536, 538 (5th Cir. 1997).

The Policy establishes that the Property was insured in December 2022 when Plaintiff discovered the water damage and contacted State Farm to file a claim. State Farm does not dispute that it relied on a Policy exclusion in denying coverage. State Farm therefore bears the burden of proving that the asserted exclusion applies. State Farm has not proved that the damage at issue fell within the exclusion so as to entitle it to summary judgment as a matter of law.

State Farm argues that the pictures upon which it relied in denying coverage and its own claim notes conclusively establish that the damage at issue fell within a Policy exclusion. State Farm argues that the extended nature of the peril is obvious due to the references to and depictions of rust, mold, wood rot, and a cracked toilet flange in the photos and claim notes. But State Farm has not presented the Court with any evidence from any expert or any witness with knowledge or experience related to plumbing leaks to support these assertions. State Farm merely provided the Court with a declaration from the Claims Specialist, Ms. Browne, who participated in the claim denial in this case, detailing State Farm's process and reasoning in denying the claim. State Farm has not established the nature of Ms. Browne's expertise as to plumbing, engineering, or construction, and the claims records establish that neither she nor any other State Farm employee ever inspected Plaintiff's Property. Ms. Browne's declaration offers little to the Court other than a recitation and reiteration of the reasons set forth in State Farm's claim notes and denial letter for denying Plaintiff's claim.

State Farm asserts that two primary cases illustrate why this Court should grant it summary judgment based on the Policy exclusion at issue: *Ellis v. State Farm Fire and Cas. Co.*, 322 Fed. App'x 594 (10th Cir. 2009) and *Moayery v. State Farm Gen. Ins. Co.*, No. 2:22-cv-09261-MEMF-EX, 2023 WL 8359856 (C.D. Cal. Nov. 30, 2023). Neither of these cases provide support for State Farm. In *Ellis*, the Tenth Circuit affirmed a grant of summary judgment in

State Farm's favor based on a similar exclusion related to continuous seepage and leakage. But the summary judgment record in that case included the deposition testimony of the plumber who repaired the leak at issue, and the plumber testified that he found a crack in the house's concrete slab during repairs that was due to water flow over a long period of time. *Id.* at 597. In addition to the plumber's opinion, the summary judgment record contained written reports by an engineering firm and a foundation repair company opining that the foundation issues stemmed from water continuously and repeatedly leaking from the house's plumbing. *Id.* at 598. There is no such evidence here.

State Farm's argument that *Moayery* is instructive is similarly unavailing. In *Moayery*, State Farm also had denied coverage based on the seepage and leakage exclusion and moved for summary judgment. The district court denied summary judgment on the basis that State Farm failed to carry its burden to prove that the exclusion applied to all the damages at issue. 2023 WL 8359856, at *6–7. In this case, State Farm also provided the court with expert testimony on the nature of the damage in an attempt to prove there was no fact issue for a jury. The court noted that State Farm had presented evidence from a construction expert regarding the cause of cracking and delamination to a cabinet system near the leaking reverse osmosis system. *Id.* at *6. The expert testified that the cabinet's "melamine surface is durable, and it would take long-term water exposure to get the kind of delamination of the melamine that was witnessed on the reverse osmosis system cabinet floor piece." *Id.* The same expert also testified about the staining, cracking, and rot on the plywood subfloor where the reverse osmosis system that was leaking was located. *Id.* The district court also referenced the deposition testimony of the plaintiff's expert, who provided consistent opinions that the plywood subfloor where the reverse osmosis system was located evidenced signs of long-term water exposure. *Id.* The court still

10

found that State Farm had failed to carry its burden of proof regarding the exclusion because its summary judgment evidence did not address all of the items for which the plaintiff claimed damages. *Id.* at *7.  This case does not support State Farm's position in its motion.

Again, State Farm, unlike the insurers in the cases it relies on, has not provided the Court with evidence similar to the expert testimony on plumbing leaks or water damage in those cases, or even declarations from the subcontractors involved in investigating Plaintiff's leak and estimated repairs.  State Farm did provide one expert report in support of its motion for summary judgment, the report of Mr. Hinojosa.  (Hinojosa Expert Report [#13-2], at 9–24.)  But Mr. Hinojosa inspected Plaintiff's home in October 2023, almost a year after the leak and damage was identified.  And Mr. Hinojosa only opined that the scope of work proposed in the estimates by Restoration 1 and Trinity Contracting Systems exceeded the necessary repairs to address the plumbing leak, which had already been fixed. (*Id.* at 14.)  Mr. Hinojosa's opinion does not offer any testimony regarding the nature of the plumbing leak that might bear on the applicability of the continuous seepage and leakage exclusion.

State Farm ultimately asks the Court to grant it summary judgment based on its own claim records, plumbing photographs (without any accompanying interpretative explanation), and the self-serving affidavit of a Claims Specialist who denied the claim (without inspecting the Property) to find that the damage at issue was undisputably a result of long-term water leakage and seepage.  Without evidence from a plumber, contractor, engineer, or other related witness or expert to interpret the photographs and notes in the claims file, the Court is unable to resolve this dispute regarding the application of the exclusion as a matter of law in State Farm's favor.

State Farm bears the burden to prove the damage fell within the Policy exclusion, i.e., that the water damage at issue was the result of continuous, repeating, gradual, intermittent,

11

slow, or trickling seepage or leakage. (Policy [#13-1], at 80–81.) State Farm has not provided the Court with evidence to that effect aside from the conclusions of its own claims handlers. Accordingly, State Farm has not carried its burden to demonstrate it is entitled to summary judgment on Plaintiff's breach of contract claim.

**B.     State Farm is not entitled to summary judgment on Plaintiff's prompt payment claim.**

Plaintiff's Original Petition pleads a cause of action under the prompt payment provision of Chapter 542 of the Texas Insurance Code. (Orig. Pet. [#1-2], at 15.) Plaintiff alleges State Farm violated Section 542 by failing to accept or reject Plaintiff's claim in writing with the statutory time frame and failing to pay Plaintiff's claim within the applicable statutory period. *See* Tex. Ins. Code §§ 542.055–.058. The only summary-judgment argument offered by State Farm on Plaintiff's prompt payment claim is that this claim is dependent upon Plaintiff prevailing on his breach of contract claim. Thus, according to State Farm, if summary judgment is awarded on the contractual claim, the prompt payment claim also fails as a matter of law. *See* Tex. Ins. Code § 542.060(a) (providing that in order to be liable for prompt-payment violation, insurer must also be "liable for a claim under an insurance policy"). Because State Farm is not entitled to summary judgment on Plaintiff's claim for breach of contract, the motion for summary judgment as to the prompt payment claim should also be denied.

**C.     State Farm is not entitled to summary judgment on Plaintiff's extra-contractual claims.**

Plaintiff pleads several extra-contractual claims—violation of the DTPA, violations of Chapter 541 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and fraud. (Orig. Pet. [#1-2], at 15–20.) Plaintiff alleges that State Farm did not reasonably investigate and adjust Plaintiff's claim, especially in its decision not to physically inspect

12

Plaintiff's Property or interview Plaintiff or anyone with Fidelis Plumbing or Restoration 1 concerning the damage and to instead rely solely on photographs by Fidelis to deny coverage. State Farm argues it is entitled to summary judgment on all of these claims because there is no evidence that it was unreasonable in its handling of the claim and recovery on bad faith claims is precluded where there is a bona fide dispute as to coverage.

"Under Texas law, extracontractual tort claims pursuant to the Texas Insurance Code and the DTPA require the same predicate for recovery as bad faith causes of action." *Watson v. State Farm Lloyds*, 56 F. Supp. 2d 734, 736 (N.D. Tex. 1999) (internal quotation omitted); *see also Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997). Texas law imposes "a duty on the part of the insurer to deal fairly and in good faith with an insured in the processing of claims." *Higginbotham*, 103 F.3d at 459 (citation omitted). "A cause of action for breach of the duty of good faith and fair dealing exists when the insurer has *no reasonable basis* for denying or delaying payment of a claim or when the insurer fails to determine or delays in determining whether there is any reasonable basis for denial." *Id.* (emphasis in original). "In order to sustain such a claim, the insured must establish the absence of a reasonable basis for denying or delaying payment of the claim and that the insurer knew, or should have known, that there was no reasonable basis for denying or delaying payment of the claim." *Id.*; *see also Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 49 (Tex. 1997) (To prove that an insurer acted in bad faith in violation of Texas common law, an insured must show that the insurer failed to settle the claim even though it "knew or should have known that it was reasonably clear that the claim was covered.").

The "reasonably clear" standard found in the Insurance Code and common law standard for what constitutes bad faith are the same. *Giles*, 950 S.W.2d at 55. "[T]he issue of bad faith

13

focuses not on whether the claim was valid, but on the reasonableness of the insurer's conduct in rejecting the claim." *Lyons v. Miller Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993). Texas courts have repeatedly held that "evidence showing only a bona fide coverage dispute does not, standing alone, demonstrate bad faith." *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997). However, if an insurer fails to conduct a reasonable investigation, it cannot assert that a bona fide coverage dispute exists. *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998). Reasonableness is determined using an objective standard of whether a reasonable insurer under similar circumstances would have delayed or denied payment of the claim. *Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex. 1988), *overruled on other grounds by Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012). "As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith." *Higginbotham*, 103 F.3d at 459 (citing *Lyons*, 866 S.W.2d at 600).

"The scope of the appropriate investigation will vary with the claim's nature and value and the complexity of the factual issues involved." *Simmons*, 963 S.W.2d at 44–45. "An insurer does not act in bad faith where a reasonable investigation reveals the claim is questionable." *United Servs. Auto. Ass'n v. Croft*, 175 S.W.3d 457, 471 (Tex. App.—Dallas 2005, no pet.). Importantly, an insurer's reliance on an expert's report will not support a finding of bad faith unless "there is evidence that the report was not objectively prepared or the insurer's reliance on the report was unreasonable." *Nicolau*, 951 S.W.2d at 448. In contrast, an insurer fails to reasonably investigate a claim if the investigation is conducted as a pretext for denying the claim. *See, e.g.*, *Simmons*, 963 S.W.2d at 45 (finding an "outcome-oriented" investigation

14

unreasonable); *Nicolau*, 951 S.W2d at 448 (finding that where there is evidence that an expert's report was not objectively prepared, summary judgement is not appropriate).

In some cases, the undisputed summary judgment record may preclude any recovery on extracontractual claims, even where the breach of contract claim remains viable. *See, e.g.*, *Arthur v. Liberty Mut. Pers. Ins. Co.*, No. SA-21-CV-00602-FB, 2022 WL 17824520, at *3 (W.D. Tex. Dec. 20, 2022), *report and recommendation adopted*, No. SA-21-CA-602-FB, 2023 WL 2557392 (W.D. Tex. Feb. 3, 2023) (holding that insurer's reliance on adjuster's and engineer's reports after physical inspections precluded recovery based on unreasonable investigation). Here, however, the summary judgment record establishes that State Farm made its coverage decision on Plaintiff's claim without any physical inspection of Plaintiff's Property and without interviewing or contacting any of the individuals who provided initial work to stop the plumbing leak and mitigate the water damages. Nor did State Farm rely on any report concluding the water damage resulted from continuous leakage or seepage before denying the claim. Instead, State Farm relied solely on the photographs from Plaintiff's plumber. On this record, State Farm has not established that there is no genuine dispute that the scope of its investigation was objectively reasonable such that no interview or physical inspection was required. The District Court should deny State Farm's motion for summary judgment on its extracontractual claims.

**D.     State Farm is not entitled to summary judgment on Plaintiff's request for treble damages but is entitled to summary judgment on Plaintiff's request for exemplary damages.**

Plaintiff seeks treble damages under the DTPA and the Texas Insurance Code, as well as exemplary damages, based on an assertion that State Farm engaged in knowing and intentional extracontractual violations. State Farm moves for judgment on Plaintiff's request for treble and

15

exemplary damages and fraud, arguing there is no evidence that it acted knowingly, intentionally, maliciously, or recklessly in denying the claim.

Chapter 541 of the Texas Insurance Code and the DTPA allow a plaintiff who prevails in an action under the Code to obtain "the amount of actual damages, plus court costs and reasonable and necessary attorney's fees," as well as treble damages where "the defendant knowingly committed the act complained of." Tex. Ins. Code § 541.152(b); *see also* Tex. Bus. & Comm. Code § 17.50(b)(1). These damages may be recovered without showing any injury independent from the denial of benefits. *Vail v. Tex. Farm Bureau Mut. Insur. Co.*, 754 S.W.2d 129, 136 (Tex. 1988). This is because the "independent-injury rule does not restrict damages an insured can recover under the entitled-to-benefits rule." *Lyda Swinerton Builders, Inc. v. Okla. Sur. Co.*, 903 F.3d 435, 452 (5th Cir. 2018). The entitlement-to-benefits rule provides that "an insured who establishes a right to receive benefits under an insurance policy can recover those benefits as 'actual damages' under the statute if the insurer's statutory violation causes the loss of the benefits." *Menchaca*, 545 S.W.3d at 495.

Plaintiff is not attempting to assert an independent injury. He is proceeding on an entitlement-to-benefits theory, arguing that State Farm acted in bad faith in its investigation and settlement of Plaintiff's claim. Therefore, Plaintiff need not present an alternative theory beyond the loss of policy benefits for the request for extracontractual damages also to survive summary judgment. If Plaintiff demonstrates that State Farm violated the Policy by withholding benefits due under the contract, Plaintiff may also seek additional damages under the Texas Insurance Code for any knowing violation. State Farm's motion for summary judgment on Plaintiff's request for treble damages should be denied.

However, State Farm is entitled to summary judgment on Plaintiff's request for exemplary or punitive damages. The Texas Civil Practices and Remedies Code allows an award of exemplary damage if there is clear and convincing evidence that the damages resulted from fraud, malice, or gross negligence. Tex. Civ. Prac. & Rem. Code § 41.003(a). State Farm argues that there is no summary judgment evidence of any act that could plausibly satisfy this standard. The undersigned agrees.

Plaintiff's response to State Farm's motion for summary judgment does not directly respond to State Farm's argument about exemplary damages. Plaintiff generally argues that State Farm employees made various misrepresentations during the claim-settlement process, such as an alleged misrepresentation by Hutchinson that a check would be issued and that Plaintiff's claim was covered. (Pl.'s Decl. [#14-1], at ¶ 7.) These statements, even if true, cannot sustain a claim for exemplary damages for multiple reasons. Aside from failing to approximate the level of conscious indifference required for a finding of malice or gross negligence, in Texas, post-loss statements regarding coverage do not constitute actionable misrepresentations under the Insurance Code, DTPA, or common law fraud. *Gooden v. State Farm Lloyds*, No. 4:20-CV-00698-O, 2021 WL 7906860, at *3 (N.D. Tex. May 11, 2021) (collecting cases). Plaintiff cannot prove that he relied on these statements to his detriment because they were made after Plaintiff had already purchased the Policy and suffered the alleged damages. *See id.*

In summary, the District Court should grant State Farm summary judgment on Plaintiff's request for exemplary damages under the Texas Insurance Code because Plaintiff has failed to come forth with any evidence creating a genuine issue of material fact on gross negligence, fraud, or malice. In all other respects, the motion should be denied.

17

## V.  Conclusion and Recommendation

Having considered State Farm's motion, the response and reply thereto, the summary judgment record, and the governing law, the undersigned recommends that Defendant State Farm Lloyds' Motion for Summary Judgment [#13] be **GRANTED IN PART** as to Plaintiff's request for exemplary damages.  In all other respects, the motion should be **DENIED**.

## VI.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

    SIGNED this 4th day of June, 2024.

                                            ELIZABETH S. ("BETSY") CHESTNEY
                                            UNITED STATES MAGISTRATE JUDGE